**E-FILED**
**CNMI SUPREME COURT**
E-filed: Dec 31 2024 12:04PM
Clerk Review: Dec 31 2024 12:04PM
Filing ID: 75344204
Case No.: 2024-SCC-0005-CRM
NoraV Borja





Iɴ ᴛʜᴇ

# Supreme Court

ᴏꜰ ᴛʜᴇ

# Commonwealth of the Northern Mariana Islands

---

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellant,*

*v.*

**JOHN ROMAN LISUA,**
*Defendant-Appellee.*

**Supreme Court No. 2024-SCC-0005-CRM**

---

**SLIP OPINION**

**Cite as: 2024 MP 11**

Decided December 31, 2024

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

———————

Superior Court Criminal Action No. 23-0086-CR
Judge Joseph N. Camacho, Presiding

———————

MANGLOÑA, J.:

¶ 1    Appellant Commonwealth appeals the trial court's order denying its proffered expert witness testimony after a pretrial conference and before holding a hearing to determine admissibility. For the following reasons, we REVERSE and REMAND for the trial court to further examine the admissibility of the expert witness.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2    Defendant John Roman Lisua ("Lisua") is alleged to have sexually assaulted a nine-year-old family member in April 2023. The victim did not report the assault until two months later, at which time the police were alerted and this criminal case began.

¶ 3    At a pretrial conference, the Commonwealth informed the court that it intended to call an expert witness to explain the general behaviors of sexually abused children, including the late reporting of sexual abuse, and submitted the witness's abbreviated Curriculum Vitae ("CV"). This expert, Dr. Michael Chen ("Dr. Chen"), would testify on the common behaviors of child sexual abuse and dispel the misconceptions associated with victim behaviors under Rule 702 of the NMI Rules of Evidence ("Rule 702"). Lisua objected on the grounds that the notice was too close to trial and he would not have sufficient time to prepare for a hearing on the expert's knowledge.

¶ 4    The court and parties discussed the scope of the expert's testimony in depth. The court questioned whether testimony about delayed reporting was necessary, or whether jurors could understand a victim's reluctance to report without an academic study on child sexual assault. The Commonwealth stated that Dr. Chen would address issues raised by the defense before the jury, not substitute for the victim's testimony. The prosecution further argued that sexual abuse of a minor is a special circumstance where the specialized knowledge of an expert can provide a jury with necessary background information, different than other criminal charges.

¶ 5    The court stated that the decision at that stage was whether or not the proffered expert testimony was necessary, and it would only proceed with examining the witness's expertise after determining necessity. However, the court continued to cite and discuss the various elements of relevance and admissibility under Rule 702.

¶ 6    The pretrial conference focused on the possibility that the expert would testify about why the victim might have reported late, a question the court felt the nine-year-old could answer while on the stand. The court also believed that the prosecution was making an argument that "the jurors are not smart enough to understand" the victim's possible answer to that question. Appendix at 32.

¶ 7    The court denied the testimony as going to or bolstering witness credibility, verbally citing *Commonwealth v. Guerrero*, 2013 MP 16, and *Commonwealth v. Manglona*, Crim. Case No. 17-0012R (NMI Super. Ct. June

22, 2017) (Order Granting the Commonwealth's Motion to Reconsider). The written order issued after the pretrial conference denied admission of Dr. Chen as an expert witness without holding any additional hearing related to Rule 702. The Commonwealth timely appealed.

## II. JURISDICTION

¶ 8    We have appellate jurisdiction in a criminal case when the Commonwealth appeals "a decision or order of the Superior Court suppressing or excluding evidence . . . before the verdict or finding on an information, if the Attorney General certifies to the Superior Court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 6 CMC § 8101(b). The Attorney General has made this certification and we have jurisdiction over the matter. *See Commonwealth v. Lisua*, Case No. 2024-SCC-0005-CRM (NMI Sup. Ct. Apr. 17, 2024) (Notice of Appeal).

## III. STANDARD OF REVIEW

¶ 9    The admission or denial of an expert witness is reviewed for abuse of discretion. *Commonwealth v. Crisostomo*, 2018 MP 5 ¶ 12. "An abuse of discretion exists if the court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* ¶ 19 (citing *Commonwealth v. Taitano*, 2017 MP 19 ¶ 37).

## IV. DISCUSSION

¶ 10    The Commonwealth makes two arguments that the court erred. First, it asserts the court abandoned its gatekeeping role by (1) determining admissibility without developing an adequate record, (2) failing to perform a proper inquiry as required by Rule 702, and (3) not considering enough potential uses for the expert testimony. Opening Br. at 6. The Commonwealth argues the court improperly limited its assessment to whether the testimony would assist the jury, based solely on hypothetical scenarios and assumptions about the nature of child victim behaviors. *Id.* at 10. This approach, it contends, bypassed the required evidentiary analysis on relevance and reliability and incorrectly precluded a hearing where the expert could have testified. *Id.* at 9.

¶ 11    Second, the Commonwealth argues the court misinterpreted the holding of *Commonwealth v. Guerrero* and highlights that the appealed order conflicts with its prior ruling in *Commonwealth v. Manglona*, where the court allowed extremely similar expert testimony. *Id.* at 12–13.

¶ 12    Lisua, in response, argues that the court properly exercised its discretion in excluding the expert testimony because it correctly applied Rule 702 under the *Crisostomo* standard, which requires that expert testimony only be admitted if it offers meaningful analysis of issues that are beyond a juror's ordinary understanding. Appellee's Br. at 4. He further disputes the Commonwealth's reliance on *Manglona*, arguing that the exclusion of expert testimony is fact-specific and context-dependent. *Id.* at 8. We first examine the court's interpretation and application of the relevant law.

*A. The trial court relied upon an erroneous view of the law.*

¶ 13    The Commonwealth argues that the appealed order must be overturned because it was based upon an erroneous view of the law: primarily, a misinterpretation of *Guerrero*, 2013 MP 16. In *Guerrero*, this Court considered admitted expert testimony on "delayed reporting and coping mechanisms," which the defendant claimed bolstered the victim's credibility and led to his conviction of sexual assault of a minor. *Id.* ¶ 12. We found no reversible error in its admission because "the trial court would have found Guerrero guilty regardless of the expert testimony." *Id.* Notably, the Court also stated that the record lacked sufficient evidence to show that this expert testimony issue would have been enough to result in either reversal or a new trial.

¶ 14    The trial court stated that *Guerrero* stood for the proposition that an expert witness cannot explain anything to the jury that does not require special knowledge. Appendix at 40. This is an overstatement, or perhaps a misunderstanding, of the opinion. *Guerrero* does not reach such specificity when discussing the expert testimony. 2013 MP 16 ¶¶ 11–12. Though the appellant in *Guerrero* argued that the expert testimony should not have been allowed because it impermissibly buttressed the victim's credibility, the Court did not decide the appeal on that ground. *Id.* Instead, it simply found that the admission of the expert witness was harmless without stating that it was actually erroneous. *Id.* ¶ 12. *Guerrero* should not be the operative precedent for this case. The trial court erred in finding that *Guerrero* bound it to denying Dr. Chen's testimony.

¶ 15    The Commonwealth further argues the court erred in declining to follow its approach to a similar issue in *Manglona*. Opening Br. at 13; Crim. Case No. 17-0012R (NMI Super. Ct. June 22, 2017) (Order Granting the Commonwealth's Motion to Reconsider) ("*Manglona* Order"). *Manglona* is a Superior Court decision by the same judge presiding over this matter, where the court reconsidered a previous denial of expert testimony. The court had denied that the prosecution's proffered witness was an expert because she could not pass the fourth factor in the test for admissibility, Rule 702(d): "the expert has reliably applied the principles and methods to the facts of the case." *Manglona* Order at 2. The court then reversed its previous ruling and allowed the expert to testify about behaviors of child victims of sexual abuse as a "cold expert," not requiring Rule 702(d) analysis.[1] *Id.* at 11.

¶ 16    *Manglona*, as a Superior Court order, appears to be given too much weight. The Commonwealth styles its second argument as if the court's refusal to do exactly as it did in *Manglona* seven years ago is a failure to apply mandatory case

---

[1]    The court distinguished "cold expert testimony" from other expert testimony as general knowledge given to help the jury understand the evidence presented on the facts of this case, rather than actually relating to the facts of the case. Citing the Arizona Supreme Court, the court noted that the test of admissibility for a cold expert was the same as Rule 702(a)–(c), simply removing the requirement that the expert know the facts of the case. *State v. Salazar-Mercado*, 325 P.3d 996, 997-998 (Ariz. 2014).

law. The admissibility of expert testimony is determined on a case-by-case basis, a fact that the court recognized itself when it declined to follow *Manglona* wholesale. Appendix at 42. It was not an error for the court to decline to follow the approach utilized in *Manglona*, if it could base its order on sufficient assessment of the evidence and applicable law.[2]

¶ 17    The court has broad discretion in allowing or disallowing expert witness testimony through its gatekeeping function. *Commonwealth v. Crisostomo*, 2018 MP 5 ¶ 20 (citing *Kumho Tire v. Carmichael*, 526 U.S. 137, 159 (1999) (Scalia, J., concurring)). *Manglona* is merely a persuasive opinion, and though it may involve similar testimony to that of Dr. Chen, we assign no error for not being persuaded by *Manglona* at this stage. We do, however, find that the court erred in determining that *Guerrero* bound it to deny admissibility of the expert testimony. This error is sufficient to reverse the trial court. *Id.* ¶ 19. Still, we take this opportunity to clarify the gatekeeping function requirements under the NMI Rules of Evidence and *Crisostomo*.

*B. The trial court prematurely determined admissibility of the expert witness.*

¶ 18    The Commonwealth asserts the court abandoned its gatekeeping role by denying the expert witness before conducting a complete Rule 702 analysis. Opening Br. at 6. Lisua responds that the hour-long pretrial conference was a sufficient inquiry into the expert testimony to determine admissibility. Appellee's Br. at 5. This Court is unconvinced that the trial court properly discharged its gatekeeping function with a Rule 702 analysis after determining only that the potential testimony would enter the province of the jury.

¶ 19    Rule 702 allows expert witness testimony when four elements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.
> NMI R. EVID. 702.

The proponent has the burden to establish that all four admissibility requirements are met by a preponderance of the evidence. NMI R. EVID. 104(a). The United States Supreme Court has elaborated that the admissibility of expert testimony is

---

[2]    Furthermore, we note that the *Manglona* Order resolves a Motion for Reconsideration—signaling that the trial court indeed can, and often does, decide identical issues differently based upon the legal arguments presented. The Commonwealth in this case declined to continue with a Motion for Reconsideration and instead directly initiated this appeal. *See* Opening Br. at 4. This matter very well could have followed *Mangona* in reconsideration, if the court was persuaded.

a question of relevance and reliability. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 586 (1993); *Kumho Tire*, 526 U.S. at 150; *see General Electric Co. v. Joiner*, 522 U.S. 136 (1997).[3]

¶ 20    This Court first addressed the trial court's gatekeeping function in *Commonwealth v. Crisostomo*. *Crisostomo* applies the requirements of the "*Daubert* trilogy" to the Commonwealth. *Id.* ¶ 14. The Court specifically stated that the trial court "must allow presentation of evidence as to the relevance and reliability of the expert's proffered testimony" and do so on the record. *Id.* ¶ 21. *Crisostomo* points to two federal cases outlining the proper process to test the admissibility of expert testimony. In *Padillas v. Stork-Gamco, Inc.*, the trial court's process was lacking when the court outright excluded testimony instead of allowing the proponent to respond to its concerns. 186 F.3d 412 (3d Cir. 1999). In *Estate of Barabin v. AstenJohnson, Inc.*, the Ninth Circuit found the trial court abused its discretion in admitting expert testimony without making a record as to the reliability and relevancy of the testimony. 740 F.3d 457, 467 (9th Cir. 2013). *Crisostomo* ultimately determined that the lower court also failed to utilize proper procedure for the expert witnesses because the actual Rule 702 analysis happened only after the two witnesses were admitted or denied as experts before the jury, amounting to an abuse of discretion. 2018 MP 5 ¶ 28.

¶ 21    The court here did not provide greater process than any case cited in *Crisostomo*. The discussion on expert testimony focused largely on speculation about expert and victim testimonies. Appendix at 22. There was no presentation of evidence about the actual expert testimony, aside from submitting a partial CV. This lack of evidence is because the proceeding had yet to reach the Rule 702 test for admissibility.

¶ 22    A full application of *Crisostomo* is not possible because the witness testimony was denied at an earlier stage of argumentation than in other cases. If the trial court in *Crisostomo* "unreasonably limited the evidence regarding the reliability and application of [the expert's] methodology, and, as a result, prematurely rendered its conclusion on [the expert's] admissibility," then the court's decision here must also have unreasonably limited the evidence and prematurely concluded if no evidence had been presented. *Crisostomo*, 2018 MP 5 ¶ 28.

¶ 23    We have further addressed the gatekeeping function in *Commonwealth v. Taitano*, 2018 MP 12. In *Taitano*, the Court determined that the DNA expert did not have a proper admissibility analysis because the lower court did not review the requirement of Rule 702(d) and, therefore, prematurely denied the DNA expert's testimony. Specifically, it found "the court abandoned its gatekeeping duties. But it also performed its gatekeeping responsibility inadequately because it rendered an incomplete *Daubert* ruling." *Id.* ¶ 19.

---

[3]    Our Rules of Evidence are styled after the Federal Rules of Evidence, making interpretations of identical rules from other jurisdictions persuasive.

¶ 24    Both *Crisostomo* and *Taitano* found that the gatekeeping function was abandoned after more evidence had been considered than in this case. *Id.* Together, they point to a finding that the court erred in denying the expert testimony at this early stage.

¶ 25    We also address the order's specificity that the testimony would have only served to bolster witness credibility impermissibly. This is a particularly narrow view of the expert's testimony. The concern of bolstering witnesses is baked into the admissibility test of Rule 702. An expert can only be qualified under Rule 702 if the specialized knowledge would *assist* the trier of fact to understand the evidence put before it. *See United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999). Testimony that bolsters witness credibility is also objectionable as prejudicial under NMI Rule of Evidence 403. *Id.* The concern with a topic that forms part of the Rule 702 admissibility test, bolstering witness credibility and invading the province of the jury, led to prematurely denying admissibility.

¶ 26    Despite Lisua's assertions to the contrary, we see that Dr. Chen was denied as an expert witness before there was a Rule 702 hearing. The pretrial conference discussion and subsequent order do not cover the necessary elements for Rule 702 inquiries. *Crisostomo*, 2018 MP 5 ¶ 21; *Taitano*, 2018 MP 12 ¶ 19. The court itself acknowledged that the pretrial conference was not a Rule 702 hearing. Appendix at 24–25. Instead, the conference was a precursor to that hearing. *Id.* at 6.

¶ 27    Dr. Chen's testimony has yet to be offered in any form—beyond a one-sentence recap by the prosecutor that it would pertain "to common behaviors of child victims of sexual abuse and to dispel the misconceptions associated with victim behaviors." Appendix at 2. At that preliminary stage, the court had not seen evidence about such testimony to know if it would bolster witness credibility. The proponent of an expert witness must be allowed to present "evidence as to the relevance and reliability of the expert's proffered testimony." *Crisostomo*, 2018 MP 5 ¶ 21. The court and parties must explore the proposed testimony's relevance and reliability, and the court must then make a proper inquiry into such topics, including "specific findings regarding its evaluation of the expert." *Id.* ¶ 23.

¶ 28    We are unable to examine further whether expert testimony surrounding behaviors of children who have been sexually abused is generally admissible. No actual or proposed expert testimony has been elicited on the record, and therefore this Court does not know whether such testimony would be permissible. A discussion regarding the admissibility of the testimony's content would be entirely based on speculation. The court failed to reach this same conclusion, and thus abused its discretion in prematurely denying the testimony before hearing it.[4]

---

[4]    In rendering this opinion, the Court makes no determination that the expert testimony is admissible and must be allowed at trial. Similarly, we cannot state that the admission

**V. Conclusion**

¶ 29    The trial court improperly found that *Commonwealth v. Guerrero* bound it to deny a request for expert testimony on the basis that it invaded the province of the jury. Furthermore, it made this determination before completing the required inquiry into that testimony under NMI Rule of Evidence 702. Because the trial court relied upon an erroneous view of the law and insufficiently fulfilled its gatekeeping duties, it abused its discretion in denying the Commonwealth's expert witness testimony at this juncture. We REVERSE the order and REMAND for the court to continue its analysis under Rule 702.


SO ORDERED this 31st day of December, 2024.


/s/
ALEXANDRO C. CASTRO
Chief Justice


/s/
JOHN A. MANGLOÑA
Associate Justice


/s/
PERRY B. INOS
Associate Justice


COUNSEL

Edward Manibusan, Attorney General;
J. Robert Glass, Jr. Chief Solicitor, for Plaintiff-Appellant.

Douglas Hartig, Public Defender;
Molly Dennert, Assistant Public Defender, for Defendant-Appellee.

*NOTICE*

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715 or e–mail Supreme.Court@NMIJudiciary.gov.*

---

of Dr. Chen or other similarly situated professionals as "cold experts" complies with the NMI Rules of Evidence.



**E-FILED**
**CNMI SUPREME COURT**
E-filed: Dec 31 2024 12:08PM
Clerk Review: Dec 31 2024 12:08PM
Filing ID: 75344212
Case No.: 2024-SCC-0005-CRM
NoraV Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellant,*

*v.*

**JOHN ROMAN LISUA,**
*Defendant-Appellee.*

**Supreme Court No. 2024-SCC-0005-CRM**

Superior Court Criminal Case No. 23-0086-CR

## JUDGMENT

Appellant Commonwealth appeals the trial court's order denying an expert witness's testimony before holding a hearing to determine their admissibility. For the reasons discussed in the accompanying opinion, the Court REVERSES and REMANDS the case for further proceedings.

ENTERED this 31st day of December, 2024.


  /s/
_____
JUDY T. ALDAN
Clerk of the Supreme Court